**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 20-07 |
| | ) | Civil No. 24-153 |
| | ) | Judge Nora Barry Fischer |
| TAMMIE BROLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

### I.    INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, filed by *pro se* Defendant Tammie Brolin, (Docket No. 2349), the Government's opposition thereto, (Docket No. 2366), and Defendant's reply, (Docket No. 2422). Defendant seeks to vacate her sentence because she claims to meet all the criteria for "safety valve" relief and her counsel allegedly failed to advise her about the application of same. (Docket Nos. 2349; 2422). The Government contends that Defendant's Motion is untimely, barred by Defendant's plea agreement, and otherwise without merit. (Docket No. 2366). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [2349] is denied.

### II.    BACKGROUND

Defendant and a number of co-conspirators were charged in a multi-count Indictment for their respective roles in an interstate methamphetamine trafficking conspiracy. (Docket No. 3). Specifically, Defendant was charged with conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine from November 2019 to June 2020. (Docket No. 196).

1

The uncontested facts set forth in the Presentence Investigation Report ("PIR") established the following. Between July 2019 and June 2020, Defendant and her husband, Alexis Brolin, Jr., would travel to Erie, PA, and receive large quantities of methamphetamine, which they would then sell in Clearfield, PA. (Docket No. 1857 at ¶¶ 14–17). On at least ten occasions between July 2019 and June 2020, Defendant and her husband sold methamphetamine to an undercover Pennsylvania state trooper, usually from their residence. (*Id*. at ¶ 15). In January 2020, Defendant traveled to Erie with co-defendant David Klanish to obtain 23 ounces of methamphetamine. (*Id*. at ¶ 16). On April 4, 2020, Defendant was present at her home with two co-defendants waiting for her husband to return from Erie with methamphetamine. (*Id*.). However, Pennsylvania State Police arrested her husband and seized 653 grams of methamphetamine. (*Id*.). At that time, Pennsylvania State Police also received and executed a search warrant at the Brolin residence during which Defendant was present. (*Id*.). During the search, law enforcement seized methamphetamine, distribution paraphernalia, and several firearms, including: a Taurus .38 caliber revolver with an obliterated serial number; a .22 caliber Revelation rifle; a 16-gauge Ithaca shotgun; a 410-gauge Savage shotgun; a 12-gauge Ithaca shotgun; an AK-style rifle frame with no serial number; a .22 caliber Marlin rifle; a .22 caliber North American Arms revolver; a 9 mm Hi-Point pistol; a 20-gauge Rossi shotgun; and, ammunition. (Docket No. 2459; *see also* Misc. No. 20-mj-60, Docket No. 6-1).

On October 16, 2018, Defendant entered into a plea agreement with the Government pursuant to which she pled guilty to one count of conspiracy to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Docket Nos. 196; 1771). Defendant agreed to waive her right to take a direct appeal, subject to several exceptions not relevant here. (Docket No. 1771-1 at 2). Defendant also agreed

to "waive[] the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking her conviction or sentence," but the agreement permitted her to "rais[e] a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." (*Id.*). After the Government's summary of the evidence, the Honorable Kim R. Gibson found that there was a factual basis to accept Defendant's guilty plea and accepted the Plea Agreement. (Docket No. 1771).

The Court then ordered the U.S. Probation Office to produce a PIR in this case, which detailed the potential penalties including the mandatory minimum terms of imprisonment and supervised release. (Docket Nos. 1775; 1857). In its Tentative Findings and Rulings, the Court adopted the PIR in its entirety, calculating Defendant's advisory guideline range as 108-135 months' imprisonment and noted that she was subject to the mandatory minimum penalty of 120 months' imprisonment. (Docket Nos. 1857 at ¶ 34; 1905). Judge Gibson held a sentencing hearing via videoconference on February 9, 2023 and imposed the mandatory minimum sentence of 120 months' imprisonment, 5 years' supervised release, and a $100 special assessment. (Docket No. 1914). A fine was waived given Defendant's inability to pay. (*Id.*).

As neither the Government nor Defendant appealed the Court's judgment, the judgment became final 14 days after sentencing – on February 23, 2023. However, on July 1, 2024, Defendant filed the instant motion under 28 U.S.C. § 2255. (Docket No. 2349). The Government countered with its response in opposition, to which the Defendant replied on September 10, 2024. (Docket Nos. 2366; 2422). Accordingly, the matter has been fully briefed and was recently reassigned to the undersigned for prompt disposition.

III.    LEGAL STANDARD

A prisoner sentenced by a federal court may move to vacate her sentence under 28 U.S.C. § 2255(a) if that "sentence was imposed in violation of the Constitution or laws of the United States" or "is otherwise subject to collateral attack." As relevant here, a § 2255 motion must be filed within one year of when: the date the judgment of conviction becomes final, the date on which the Supreme Court initially recognizes a right and makes that right "retroactively applicable to cases on collateral review," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255(f)(1)–(4).

Generally, a court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *see also United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the court must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). In the Court's view, Defendant's Motion can be decided after review of the record in the case, and thus a hearing is not necessary.

IV.    DISCUSSION

4

Defendant asserts that the Court should vacate her sentence and re-sentence her to a term below the mandatory minimum of 120 months after applying the "safety valve" in 18 U.S.C. § 3353(f). (Docket No. 2349). She maintains that her counsel was ineffective because she believes that she meets all the criteria for "safety valve" relief and her counsel allegedly did not advise her that the "safety valve" applied in her case. (*Id*.). The Government counters that Defendant's Motion is untimely and she also waived the right to file it as part of her plea agreement. (Docket No. 2366). The Government further argues that Defendant's Motion lacks merit because she was disqualified from "safety valve" relief given her possession of several firearms and her failure to provide the Government with "all information and evidence" related to the instant offense. *See* 18 U.S.C. § 3353(f). In reply, Defendant attempts to invoke two exceptions to the statute of limitations defense, i.e., her Motion is timely because it had been less than one year since the Supreme Court determined a "newly recognized" right in *Pulsifer v. United States* related to the "safety valve" provision which the Court made "retroactively applicable to cases on collateral review," or, in the alternative, because less than one year had passed since "the date on which the facts supporting the…claims presented could have been discovered through the exercise of due diligence." (Docket No. 2349 at 10); (Docket No. 2422 at 4); *see* 28 U.S.C. § 2255(f)(3)–(4); *Pulsifer v. United States*, 601 U.S. 124 (2024).[1]

Having considered the parties' arguments, the Court finds the Government's position more persuasive because: (1) Defendant's claims are barred by the statute of limitations and (2)

---

[1]        Defendant also argues that the collateral attack waiver deprives her of her 1st, 5th, and 6th Amendment rights. (Docket No. 2422 at 4). To the extent Defendant challenges the collateral attack waiver in her plea agreement, the Third Circuit has routinely upheld the validity of those waivers. *See, e.g.*, *United States v. Grimes*, 739 F.3d 125, 130 (3d Cir. 2014) (declining to find that the waiver provision in defendant's plea agreement created a *per se* conflict of interest). Unlike the plea agreement in *Grimes*, the collateral attack waiver in Defendant's plea agreement contains an exception for ineffective-assistance-of-counsel claims, thus removing the possibility of a conflict of interest. Since the Court finds that Defendant's Motion is untimely, it declines to address Defendant's additional arguments or the Government's waiver argument in more detail.

Defendant's claims lack merit.[2] The Court's rationale follows, starting with the statute of limitations defense.

### A. Statute of Limitations

Section 2255 motions are generally subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f); *see also Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999). Section 2255(f) provides that the one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). In most cases, "the date on which the judgment of conviction becomes final" will be the date from which the statute of limitations begins to run. *See* 28 U.S.C. § 2255(f)(1). Here, Defendant does not contest that her Motion is untimely under § 2255(f)(1) because she did not file it within one year of February 23, 2023 – the date on which her 14-day period to file a notice of appeal expired and her judgment of conviction became final. *United States v. Sayles*, Criminal No. 09-273, 2013 WL 4523593, at *3 (W.D. Pa. Aug. 27, 2013); (Docket Nos.

---

[2]    Defendant's ineffective-assistance-of-counsel claim is not procedurally defaulted on collateral review even though she did not raise it on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

1914; 2349 at 10; 2422 at 2). Rather, Defendant contends that her Motion is timely under § 2255(f)(3) or (f)(4). (Docket Nos. 2349 at 10; 2422 at 2). In this Court's estimation, the Defendant has failed to demonstrate that either of these exceptions to the statute of limitations apply.

Defendant initially asserts that her motion is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Pulsifer v. United States*, 601 U.S. 124 (2024). (Docket No. 2349 at 10). A motion is timely under 18 U.S.C. § 2255(f)(3) if: (1) it "assert[s]…[a] right [that] has been newly recognized by the Supreme Court[;]" (2) it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court[;]" and (3) the right asserted has been "made retroactively applicable to cases on collateral review." *See Dodd v. United States*, 545 U.S. 353, 357-59 (2005). In *Pulsifer*, the Supreme Court analyzed the statutory language of the safety valve, which "offers some defendants convicted of drug offenses an escape from otherwise applicable mandatory minimums. Under the provision, a court is to sentence a defendant 'without regard to any statutory minimum' if it finds that five criteria are met." *Pulsifer*, 601 U.S. at 128. Specifically, the "safety valve" provides that a defendant may be sentenced to a term less than the statutory minimum sentence if, among other provisions:

> (1) the defendant does not have—
>
> > (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determine under the sentencing guidelines
> >
> > (B) a prior 3-point offense, as determined under the sentencing guidelines; and
> >
> > (C) a prior 2-point offense, as determined under the sentencing guidelines;…

> (3) the offense did not result in death or seriously bodily injury to any person;…
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan….

18 U.S.C. § 3553(f).

The dispute in *Pulsifer* involved competing interpretations of the first prong of 18 U.S.C. § 3553(f)(1), and the Supreme Court concluded that a criminal defendant must meet all three of the listed criteria in order to qualify for "safety valve" relief, i.e., a Defendant may qualify for the "safety valve" if they have no more than four criminal history points, no three-point offenses and no violent two-point offenses. *Id*. However, the first prong of the "safety valve" is not disputed in this case because Defendant has exactly four criminal history points, no three-point offenses, and no violent two-point offenses. (*See* PIR at ¶¶ 34–46). Rather, for the reasons set forth in the next section of this Opinion, Defendant fails to meet two other requirements of the "safety valve" provision which the Supreme Court did not address in *Pulsifer* because she possessed multiple firearms at her residence, contrary to 18 U.S.C. § 3553(f)(3), and did not provide all information about her offense conduct to law enforcement, as required under § 3553(f)(5). All told, Defendant has not established that the Supreme Court's decision in *Pulsifer* tolls the statute of limitations in her case.

Defendant next argues that she meets the exception under § 2255(f)(4). A motion is timely under § 2255(f)(4) if it is filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (citation omitted). Thus, when the facts challenged via a § 2255 motion are known to a defendant during the pendency of the criminal case,

§ 2255(f)(4) is inapplicable. *Cf. United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999) (denying

relief under § 2255(f)(4) because defendant knew facts supporting claim within limitations period

that his counsel had failed to move to suppress evidence on his behalf). In addition, a defendant's

discovery or awareness of a new legal theory does not constitute a fact for purposes of this

exception. *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (noting that "the discovery

of a new legal theory does not constitute a discoverable 'fact' for the purposes of § 2255(f)(4)");

*United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) ("[F]or the purposes of § 2255(4), time

begins when the prisoner knows…the important facts, not when the prisoner recognizes their legal

significance.") (internal quotations omitted).

Here, Defendant's recognition of a new legal ground (the potential application of the

"safety valve") is the sole "fact" which she claims was not discovered until after sentencing.

Indeed, she attempts to argue that the facts established in her case support the application of each

prong of the "safety valve" without pointing to any new evidence. (Docket Nos. 2349; 2422). As

the "facts supporting [her] claims" have not changed, Defendant has not demonstrated that her

motion is timely under § 2255(f)(4).

For these reasons, the Court finds that neither exception to the statute of limitations applies

in this case. *See* 18 U.S.C. §§ 2255(f)(3), 2255(f)(4). Since Defendant admittedly filed this Motion

more than one year after her sentence became final on February 23, 2023, it must be denied as

untimely.

### B.  Merits

The Court also alternatively holds that to the extent that Defendant's § 2255 Motion was

not barred by the statute of limitations, the same is properly denied without a hearing as she has

not demonstrated that she was prejudiced by any alleged errors committed by her counsel during

the plea and sentencing proceedings. *See United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 582 U.S. 357, 364-65 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 369.

In this Court's estimation, Defendant has failed to demonstrate that she was prejudiced by the alleged failure of her counsel to advocate for the application of the "safety valve" for several reasons. First, Defendant has neither alleged nor presented any contemporaneous evidence to prove that she would have refused to plead guilty and insisted on going to trial without the alleged shortcomings of her counsel. (*See* Docket Nos. 2349; 2422). Second, Defendant does not qualify for "safety valve" relief. *See* 18 U.S.C. § 3553(f). To that end, she pled guilty to conspiracy to distribute methamphetamine, admitted to selling drugs to an undercover officer from the residence which she shared with her husband, and was present during the execution of the search warrant at her residence on April 4, 2021, when Pennsylvania State Police recovered several firearms. While she did not have a firearm enhancement in her favorable plea agreement and the firearms were only forfeited in her husband's case, the facts are sufficient to demonstrate that she possessed firearms which were used in connection with the underlying offense. (*See* Docket No. 2459); 18 U.S.C. § 3553(f)(2); *United States v. Shwaish*, Crim. No. 18-338, 2021 WL 1060349, at *2 (W.D. Pa. March 18, 2021) (recognizing the presence of firearms in Defendant's residence suggests their

use in connection with the offense). Moreover, the Government denies that Defendant met the final prong of the "safety valve" and her bare assertion that she provided the Government with all relevant information about her offense conduct is insufficient to demonstrate the applicability of same. *See United States v. Gomar-Torres*, 500 F. App'x 158, 162 (3d Cir. 2012) (affirming denial of "safety valve" relief where Defendant offered no support for assertion that she provided information to the Government); 18 U.S.C. § 3553(f)(5). Third, even if Defendant qualified for "safety valve" relief, her sentence of 120 months would still fall within her initial advisory guidelines range of 108-135 months' imprisonment. (*See* Docket No. 1857 at ¶ 29) (adjusting minimum guideline range upwards to 120 months' imprisonment pursuant to U.S.S.G. § 5G1.1(c)(2)). Consequently, Defendant has simply failed to demonstrate that she was prejudiced by counsel's failure to argue for application of the "safety valve." [3]

Accordingly, the Court concludes that Defendant has failed to demonstrate that the outcome of the proceeding would have been different as she is plainly ineligible for "safety valve" relief. *See e.g., Orozco v. United States*, No. 2:12-CV-07405 DMC, 2013 WL 4483404, at *2 (D.N.J. Aug. 20, 2013) (relief under § 2255 appropriately denied where defendant "failed to show that there was a 'reasonable probability' that he would have qualified to receive the 'Safety Valve' under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)."). Overall, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid conviction and sentence under § 2255. *See United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (noting

---

[3]    As the Court analyzed the applicability of the "safety valve" provision in addressing Defendant's ineffective-assistance-of-counsel claim, it does not repeat the same analysis in rejecting Defendant's second argument that the Court should vacate her sentence as she "meets the criteria" of 18 U.S.C. § 3553(f)(1)–(5). (*See* Docket Nos. 2349 at 6; 2422 at 6–7). Moreover, the Court finds that Defendant procedurally defaulted on her second claim by failing to raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). The Court notes that Defendant did not bring a direct appeal and she knowingly and voluntarily waived the right to appeal her sentence as part of her plea agreement. (Docket No. 1771-1 at 2).

relief under § 2555 is available only when exceptional circumstances make the need for it apparent). Accordingly, her Motion is denied.

V.    CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [2349] is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.


                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        Senior U.S. District Judge

Dated: February 14, 2025

cc/ecf: All counsel of record

        Tammie Brolin
        BOP # 02190-509
        FPC Alderson
        Federal Prison Camp
        Glen Ray Rd. Box A
        Alderson, WV 24910
        (via U.S. mail)